IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES C. CANFIELD,

    Petitioner,               No. CIV S-07-1640 LKK GGH P

    vs.

BUTTE COUNTY SUPERIOR COURT,

    Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding with counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Notwithstanding that petitioner has retained counsel and that the petition was filed on August 9, 2007, counsel has evidently failed to effect service of the petition.

        Petitioner claims to be "restrained of liberty under a Temporary Restraining Order (TRO) in Butte County," and avers that he is "further restrained... by the Butte County Superior Court's ruling excluding certain evidence." Petition, ¶ 3. Petitioner concedes that he is not incarcerated; he maintains, however, that the TRO deprives him of his First Amendment right to freedom of expression in Butte County, and that the superior court's ruling denying his request to make an inquiry into the Feminist Women's Health Center informed consent procedure violates an unborn child's right to life under the Fifth Amendment and a woman's right to choose

1

abortion under the Fourteenth Amendment.  Petition, ¶¶ 1, 5, 10.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)).  The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-491, 109 S. Ct. at 1925.  This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody.  Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973).

Petitioner simply does not meet the in-custody requirement in challenging a state court's TRO.  Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978).  See also Carter v. United States, 733 F.2d 735, 736 (10th Cir. 1984) (disallowing habeas challenge to injunction).  Nor may this court issue a mandate directing the state court to vacate the TRO because federal courts lack jurisdiction to issue a writ of mandamus to a state court.  Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991), citing 28 U.S.C. § 1651.

Moreover, although the U.S. Supreme Court has over time significantly narrowed the reach of the Rooker-Feldman doctrine (Lance v. Dennis, 546 U.S. 459, 464, 126 S. Ct. 1198 (2006)), to the degree petitioner seeks injunctive relief related to a state court's issuance of a TRO, the Rooker-Feldman abstention doctrine forecloses him from that option in this court.  Lance, supra, at 466, 126 S. Ct. 1198 (doctrine applies where a party seeks to appeal an unfavorable state court decision in a lower federal court).  Even though his challenge involves alleged deprivations of constitutional rights, federal district courts do not have jurisdiction over direct challenges to final decisions by state court the resolution of which would be "inextricably intertwined with a state court's decision."  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303 (1983); see also, Worldwide Church of God v. McNair, 805

F.2d 888, 890 (9th Cir. 1986).

      As this court simply does not have jurisdiction over this matter, the undersigned must recommend summary dismissal of this petition.

      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/19/07            /s/ Gregory G. Hollows

                                  UNITED STATES MAGISTRATE JUDGE

GGH:009
can1640.fr